IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

DEBBIE BARRETT;
CRYSTAL WALFORD;
SONJA LEFLER; SHARON SKUFCA;
MISTY YERBY; DANA MCFALL;
SHEILA WILKERSON; VALERIE
KINNEY; RHONDA KELLEY;
BRANDON GARRARD; GREGORY
CHERRY; BRIAN BOERSMA; MICHAEL
RISNER; JEREMY HURST; and JAMES
CUMMINGS,

        Plaintiffs

v.                                                                        No.: 1:05-cv1140 T/AN

HARDIN COUNTY, TENNESSEE,

        Defendant.

## ORDER TENTATIVELY APPROVING SETTLEMENT OF CLASS ACTION, ORDER SETTING FAIRNESS HEARING

This cause came to be heard upon the Parties' Joint Motion for Preliminary Approval of Settlement of the Class Action Suit for Injunctive Relief, Motion to Set Fairness Hearing.

**IT APPEARING TO THE COURT,** that several inmates incarcerated in the Hardin County Jail filed suit against Hardin County, alleging conditions violated the Tennessee and United States Constitution. The suit was removed by Hardin County, Tennessee to the United States District Court.

**IT FURTHER APPEARING TO THE COURT,** that subsequently the parties consented to certify this matter as a class action suit for injunctive relief purposes only, in accordance with Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class was defined as

"all persons who are presently, or in the future will be, incarcerated in the Hardin County Jail" by order of the Court dated June 23, 2005.

**IT FURTHER APPEARING TO THE COURT,** the Plaintiff inmate class filed an application for a preliminary injunction on August 1, 2005.

**IT FURTHER APPEARING TO THE COURT,** that the parties have negotiated a Settlement Agreement in this matter, which requires the building of a new jail facility, and imposes several policy and procedure changes. The proposed settlement has been reviewed by correctional expert Charles G. Fisher, who has provided the Court with an affidavit that in his professional opinion, the settlement will alleviate the unconstitutional conditions in the Hardin County Jail.

**IT FURTHER APPEARING TO THE COURT,** that Rule 23(e) of the Federal Rules of Civil Procedure requires the Court to approve any settlement of certified class. Furthermore, the Court is required to direct notice in a reasonable manner to all class members who will be bound by a proposed class settlement. Furthermore, the court is required to hold a hearing to determine whether the settlement is fair, reasonable, and adequate.

**IT FURTHER APPEARING TO THE COURT,** that the Court should tentatively approve the Settlement Agreement in this action.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED,** that:

1. The court tentatively approves the Settlement Agreement executed by the parties;

2. The Court shall conduct a fairness hearing on <u>Thursday</u>, the <u>15th</u> day of <u>December</u> at <u>9:00</u> <u>a</u> m.

3. At least 30 days prior to that hearing the Defendant shall post in the Hardin County Jail in two conspicuous places, and further deliver to each cell a copy of the Settlement Agreement along with the following notice:

> Please take notice that currently there is pending a class action suit for injunctive relief, alleging conditions in the Hardin County Jail to be unconstitutional. The suit is styled *Barrett et al v. Hardin County, Tennessee*, Dk# 1-05-1140 T/AN, and is pending in the United States District Court for the Western District of Tennessee, Eastern Division, in Jackson. The case has been designated as a class action suit for injunctive relief purposes only. The class has been defined to include all persons incarcerated in the Hardin County Jail. Plaintiffs and Hardin County have entered into a settlement agreement to resolve the alleged unconstitutional conditions. A copy of the settlement agreement is attached to this notice. The parties are asking the district court to approve the settlement agreement so that it is binding on all inmates incarcerated in the Hardin County Jail, regardless of whether they are named in the lawsuit. The settlement is only binding as to jail conditions, while it is pending. The Court will conduct a hearing on Thursday the 15th day of Dec. at 9:00 a.m. to determine whether the settlement is fair and reasonable to all inmates in the Hardin County Jail. If you believe the settlement is not fair, you may write the reasons why you believe it is not fair on the form provided, and give it to any jail personnel and your objections will be provided to the court and the parties for consideration at the hearing. The completed form must be provided to jail personnel no later than _____ to be considered by the court.

It is so ordered, this 28th day of October, 2005

*/s/ James D. Todd*
Honorable James D. Todd
United States District Judge

F:\CLIENTS\Hardin County Inmates (17115)\Hardin County Jail (39244)\Pleadings\ORDER TENTATIVELY APPROVING SETTLEMENT OF CLASS ACTION.doc

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 1:05-CV-01140 was distributed by fax, mail, or direct printing on October 28, 2005 to the parties listed.

---

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Brandon O. Gibson
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

C. Barry Ward
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT